PER CURIAM.
We review Kipp v. State, 668 So.2d 214 (Fla. 2d DCA 1996), which expressly and directly conflicts with the decision in State v. Owen, 696 So.2d 715 (Fla.1997). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In Owen, we held that police in Florida need not ask clarifying questions if a defendant who has received proper Miranda[1] warnings makes only an equivocal or ambiguous request to terminate an interrogation after having validly waived his or her Miranda rights. The court below held that even an equivocal request to terminate interrogation required the police to either seek clarification or cease the interrogation. Accordingly, we quash the decision in Kipp. However, because there has been no determination of whether Kipp’s invocation of his right to remain silent was equivocal or un *1205 equivocal, see Kipp, 668 So.2d at 216 n. 2, we remand the case for further proceedings.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
KOGAN, C.J., dissents.
ANSTEAD, J., recused.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).